**James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.**

**No. 71–1668–Civ.**

United States District Court, S. D. Florida, Miami Division.

May 23, 1972.

As Amended May 26, 1972.

See also D.C., 54 F.R.D. 445.

Beverley R. Worrell, Regional Solicitor, and Ronald Gaswirth, Atty., U. S. Department of Labor, Atlanta, Ga., for Labor Department.

Ross L. Malone, General Counsel, General Motors Acceptance Corporation, Detroit, Mich., William P. Simmons, Jr. of Shutts & Bowen, and Ray C. Muller, of Muller & Mintz, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ATKINS, District Judge.

This cause came on for trial before the Court on plaintiff's complaint for compensatory and injunctive relief for defendant's alleged violations of certain provisions of the Fair Labor Standards Act of 1938 as amended. Having heard and considered the testimony, argument of able counsel, the stipulation of the parties, the exhibits, as well as all the admissible evidence, the Court hereby enters its findings of fact and conclusions of law in accordance with Rule 52(a), Federal Rules of Civil Procedure.

### FINDINGS OF FACT

1. This action was instituted by James D. Hodgson, Secretary of Labor, United States Department of Labor, under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act, to enjoin defendant. General Motors Acceptance Corporation (herein-

after defendant) from violating the overtime and recordkeeping provisions of the Act. Plaintiff also seeks an order restraining the defendant from withholding and continuing to withhold unpaid overtime compensation due defendant's employees.

2. This Court has jurisdiction of the parties and the subject matter of this suit pursuant to Section 17 of the Act.

3. Defendant is a corporation having places of and doing business in Dade County, Palm Beach County and Broward County, Florida within the jurisdiction of this Court.

4. Defendant was, at all times pertinent hereto, engaged in the performance of related activities, through unified operation and common control, for a common business purpose. Defendant has employed and is employing two or more employees who regularly handle and otherwise work on goods that move or have moved in commerce within the meaning of the Act. Said enterprise at all times hereinafter mentioned, has had an annual dollar volume of sales made or business done in an amount not less than $1,000,000 exclusive of excise taxes at the retail level.

5. Defendant is engaged in financing for distribution, throughout the United States, new products for qualified dealers of those goods and for retail installment sales of new and used products. These operations are conducted through 275 local branch offices. As in the finance business generally, collection problems and delinquent accounts result in the necessity for a force of collectors referred to by defendant as district representatives and field representatives. Said representatives engaged in activities which consisted mainly of contacting delinquent accounts, verifying inventories held by automobile dealerships and repossessing vehicles.

6. Defendant General Motors Acceptance Corporation employed each of the employees who are named on Exhibit A attached hereto.

7. Defendant failed to keep and maintain an accurate and adequate record of the daily and total weekly hours worked by each of the employees who are named on Exhibit A hereto during their respective periods of employment in violation of Section 11(c) of the Act.

■ 8. The evidence shows that the duties of a district representative or a field representative require such employees to work varied schedules and in most cases long hours. While management sought to instruct these employees through literature and lectures to "record all their hours" in compliance with the Act, the immediate supervisors of said employees sounded the caveat that all work was to be completed within certain defined time limits, usually 40–42 hours. The Court finds from all the evidence that the pervasive effect of such instructions from defendant's supervisors to its employees was that an employee was limited in the number of hours he could turn in for payroll purposes irrespective of the number of hours actually worked.

9. The defendant's district representatives, field representatives, and certain of its inside telephone collection men regularly worked in excess of 40 hours per week but, with rare exceptions, were only allowed to turn in, record and be paid for 40 to 42 hours. Based upon the testimony of some of the affected employees herein, the other admissible evidence and in the absence of records upon which a precise determination might be made regarding the total hours worked each workweek by employees of the defendant, the Court is bound to draw the just and reasonable inferences from the evidence. Accordingly, the Court finds that defendant's employees herein worked an average of thirteen (13) hours per week for which they received no compensation.

CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter.

2. The defendant was and is an employer within the meaning of the Act of each of the employees named on Exhibit "A" attached hereto, for periods within three (3) years of the date this action was filed.

3. The employees described in the above findings were at all pertinent times herein employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and § 203(s).

4. Defendant has violated the overtime and recordkeeping provisions of sections 7, 11(c), 15(a) (2) and 15(a) (5) of the Act, 29 U.S.C. § 207, § 211(c), § 215(a) (2) and § 215(a) (5), and the regulations issued thereunder.

■ With respect to defendant's employees named in Exhibit "A", the failure of defendant to maintain records which reflect accurately all of the daily and total weekly hours worked by said employees, as found in Finding of Fact No. 7, above, makes it necessary to determine the extent of all hours worked by said employees as a matter of just and reasonable inference. Thus, the amounts of underpayments due these employees may be computed even though the result be only approximate.

■ 5. The violations in this case were willful within the meaning of the Portal-to-Portal Act and restitution of overtime compensation shall be ordered for such violations which accrued no more than three years before this action was filed.

6. Injunctive relief will be granted with respect to defendant's branches at Miami, Fort Lauderdale and West Palm Beach, Florida.

While the Court will not grant the nationwide injunctive relief sought by plaintiff, it is appropriate to direct a caveat to defendant. The facts brought out at trial demonstrate an unmistakable tension between the efforts of the defendant's higher echelon management in urging employees to report all hours worked (under penalty of dismissal for failure to do so) in compliance with the Act and the understandable efforts made by the immediate supervisors of the rank and file in maximizing efficiency with the least number of overtime hours. This conflict has resulted all too often in the under reporting of hours actually worked. Inasmuch as the defendant is now fully apprised of this problem, it has the implicit obligation of taking every reasonable step to make certain that this situation is corrected throughout its system.

Plaintiff shall submit a proposed form of judgment in conformity with the foregoing Findings of Fact and Conclusions of Law within ten (10) days of the date of this order. Defendant shall have four (4) days thereafter to submit objections as to form.

### EXHIBIT A

HARVEY ELLIS AYRES
WALTER C. BARROW
MICHAEL F. BERRY
WILLIE I. BUTLER
GENE R. COOK
TERRANCE DOOLAN
BRUCE E. FLEMING
LYLE E. GERRISH
FREDERIC S. GREENE
JAMES B. HARMON
FRED C. HAYWARD
DON HITCH
CHARLES R. HOLLAND
DANIEL H. KRYNZEL
PATRICK W. McJURY
ROBERT ORCUTT
RALPH E. PRESTON
RONALD J. SCHMITT
ROBERT C. SHEER
HARLAND F. SIMONDS
JAMES W. SPIRES
JIM STODDARD
THOMAS B. STRAHAN
HARRY A. TAYLOR
DANIEL L. WEST
GILBERT L. WILSON